# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GREEN, | |
| Plaintiff, | 3:16-cv-1724 (CSH) |
| v. | |
| ANTONIO SANTIAGO ET AL., | |
| Defendants. | **November 2, 2017** |

## ORDER AS TO MOTION FOR PREJUDGMENT REMEDY

**Haight, Senior District Judge:**

Plaintiff Courtney Green ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 on October 17, 2016. Plaintiff is currently incarcerated at Osborn Correctional Institution ("Osborn"), in Connecticut. On May 26, 2017, this Court issued an Initial Review Order [Doc. 7], permitting Plaintiff's § 1983 claims based on alleged Fourteenth Amendment equal protection violations occurring as a result of (1) the differential treatment of Corrigan-Radgowski Correctional Center ("Corrigan") prisoners as opposed to similarly situated prisoners at Cheshire Correctional Institution and other Connecticut facilities; and (2) the differential treatment of Corrigan inmates with less than twenty-five years remaining on their sentences, as opposed to similarly situated inmates with twenty-five years or more on their sentences, to proceed against all Defendants in their individual capacities. Familiarity with the facts alleged in Plaintiff's Complaint is presumed.

On September 6, 2017, Plaintiff filed a Motion for Prejudgment Remedy and Lien of

Property [Doc. 18].[1] Defendants filed a timely Objection [Doc. 19] to that Motion. For the reasons set forth below, Plaintiff's Motion for Prejudgment Remedy and Lien of Property is DENIED.

A prejudgment remedy is intended to secure the satisfaction of a potential monetary judgment. *Cendant Corp. v. Shelton,* No. 3-06-CV-854, 2007 WL 1245310, at *2 (D. Conn. Apr. 30, 2007); Fed. R. Civ. P. 64. State law is determinative of when and how a provisional remedy may be obtained. *See* Fed. R. Civ. P. 64; *Bahrain Telecomm. Co. v. DiscoveryTel, Inc.*, 476 F. Supp. 2d 176, 183 (D. Conn. 2007); *see also Everspeed Enterprises Ltd. v. Skaarup Shipping Int'l.*, 754 F. Supp. 2d 395, 401 (D. Conn. 2010) ("Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.").

"Under Connecticut law, a prejudgment remedy is appropriate if the court, 'upon consideration of the facts before it and taking into account any defenses, counterclaims or setoffs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought'". *Roberts v. TriPlanet Partners, LLC*, 950 F. Supp. 2d 418, 420 (D. Conn. 2013) (quoting C.G.S. § 52-278d(a)). Thus, "[a] prejudgment remedy may be obtained when the plaintiff establishes that there is probable cause to sustain the validity of his claims." *Davila v. Secure Pharmacy Plus*, 329 F. Supp. 2d 311, 313 (D. Conn. 2004) (citing C.G.S. § 52-278d).

Section 52-278b of the Connecticut General Statutes provides that "no prejudgment remedy

---

[1] Plaintiff's instant Motion bears a close similarity to a Motion for Prejudgment Remedy filed in his unrelated complaint, Green v. Shaw, et al., No. 3:17-cv-00913(CSH), Doc. 13. I here adopt much of the same analysis I applied in my October 18, 2017 Ruling in that parallel matter. *See* No. 3:17-cv-00913(CSH), Doc. 18; 2017 WL 4681949.

shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g". C.G.S. § 52-278b. Section 52-278c sets forth the required documents that must be filed in connection with an application for a prejudgment remedy, and the required notice that must be served upon a defendant. C.G.S. § 52-278c. With certain exceptions, inapplicable here, an application for a prejudgment remedy must be accompanied by "[a]n affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought". C.G.S. § 52-278c(a)(2); *see also Davila*, 329 F. Supp. 2d at 313. Further, section 52-278c "requires that a notice and claim form containing specific language be attached to the application for prejudgment remedy." *Davila*, 329 F. Supp. 2d at 314 (citing C.G.S. § 52-278c(e), (f), and (g)). The purpose of this requirement is "to apprise respondent parties that they have rights and options that might otherwise be unknown to them." *Robertson v. Bai, Pollock, Blueweiss, & Mulcahey, P.C.*, No. CV085018161S, 2008 WL 4926749, at *1 (Conn. Super. Ct. Oct. 29, 2008).

Plaintiff moves for a prejudgment remedy in the amount of $20,000 per Defendant. Pl. Mot. ¶ 2. To secure this sum, Plaintiff moves to attach Defendants' properties; garnish their wages; and seize any jewelry, paychecks, bank accounts, stocks, bonds, automobiles, and houses. *Id.* In support of his application, Plaintiff states, in a rather conclusory fashion, that there is "probable cause that a judgment will be rendered in the matter in favor of the applicant". *Id.* Defendants oppose Plaintiff's motion, arguing, *inter alia*, that it is procedurally infirm. *See* Def. Obj.

Plaintiff's motion for a prejudgment remedy does not comply with the statutory requirements set forth in section 52-278c of the Connecticut General Statutes. Plaintiff has failed to submit a

sworn affidavit that sets forth facts sufficient to establish that there is probable cause that a judgment will be rendered in his favor in the amount sought, as required by section 52-278c(a)(2) of the Connecticut General Statutes. Plaintiff has also neglected to attach to his motion the notice and claim form required by section 52-278c(e), (f), and (g). Plaintiff's motion is further deficient in that it does not include order and summons forms, as directed by section 52-278c(a) and (b). The failure to submit such an affidavit and the failure to attach the appropriate forms requires denial of Plaintiff's motion. *See, e.g.*, *Adeyemi v. Murphy*, No. 3:12CV960, 2012 WL 6155213, at *2 (D. Conn. Dec. 11, 2012) (denying a motion for prejudgment remedy for failure to comply with the statutory requirements of C.G.S. § 52-278c); *Porter v. Yale Univ. Police Dep't*, No. 3:11-CV-526, 2011 WL 3290212, at *4 (D. Conn. Aug. 1, 2011) (same); *Joyce v. Hanney*, No. 3:05-CV-1477, 2009 WL 2488022, at *1 (D. Conn. Aug. 12, 2009) (same)*; Davila,* 329 F. Supp. 2d at 313-14 (same). As Plaintiff's application for a prejudgment remedy does not comply with the statutory requirements, the motion will be denied without prejudice.

For the foregoing reasons, Plaintiff's Motion for Prejudgment Remedy and Motion for Lien of Property [Doc. 18] is DENIED, without prejudice to renewal.

It is SO ORDERED.

Dated: New Haven, Connecticut
November 2, 2017

                                         */s/ Charles S. Haight, Jr.*
                                         **CHARLES S. HAIGHT, JR.**
                                         **Senior United States District Judge**